**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

**NEW YORK CITY OFFICE**
277 BROADWAY
SUITE 1701A
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

**WHITE PLAINS OFFICE**
170 HAMILTON AVENUE
SUITE 300
WHITE PLAINS, NY 10601
OFFICE: (914) 358-5998
FAX: (212) 962-1778

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/2025

September 10, 2025

Honorable Nelson S. Roman
United States District Judge
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:  *USA v. James Bowers, Jr.*, 24 Cr. 439 (NSR)
Letter Motion to Modify Bond Conditions

Dear Judge Roman:

    I am appointed to represent the defendant, Mr. Bowers. He is released on a personal recognizance bond secured by Mr. Bowers' signature and the signature of two financially responsible adults, along with home detention and electronic monitoring (ECF Doc No. 3). I write to the Court to request modification of the defendant's bond conditions to allow him to celebrate his mother's birthday at a family dinner at Tiramisu Restaurant in Hopewell Junction, NY on Saturday, September 20, 2025 from 4:30 pm to 9:30 pm; and to spend the day at his brother's home in Fishkill, NY for a family gathering to celebrate his nephew's birthday on Saturday, September 27, 2025, from 12:00 pm to 9:00 pm. This is a family event and not a child's birthday party.

    I spoke with Pretrial Services Officer Shannon Finneran who informs me that Pretrial objects to the application because, notwithstanding the defendant's compliance with all bond conditions since his release, "[i]t is the district's position that social events or activities contradict the intended goals and objectives of the Location Monitoring Program as it relates to home detention and home incarceration." When I questioned PTSO Finneran as to whether this was a new policy position, she responded that it was not and did not know why there was no previous objection made. AUSA Marcia Cohen informs me that "[i]n light of Pretrial's policy and opposition to the request, the Government also objects."

    Pretrial's opposition is perplexing to say the least, given that, despite their "position" they have never expressed any objection whatsoever since case commencement to the defendant's prior applications with the same exact itinerary, or ever objected to the several other

---

**MEMO ENDORSED:** Deft. has made numerous applications seeking modifications of the terms of his pretrial release. While the Court GRANTS the instant application for temporary modifications as set forth in this letter, over Pretrial and the Govt's objections, the Court does not expect to rubber stamp future applications. Deft. is directed to provide the Pretrial Officer with the details of each event. Clerk of Court is requested to terminate the motions at ECF Nos. 71 and 72.

Dated: Sept. 11, 2025

SO ORDERED:

/s/ Nelson S. Roman
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

-2-

previous bond modification requests for "social events or activities"[1], granted by the Court, at which the defendant attended 19 different family related events from November 24, 2022 until as recently as May 11, 2025.[2] (ECF Doc Nos. 7, 10, 21, 23, 26, 28, 29, 32, 36, 40, 43, 45, 50, 57 & 65).

Again, Pretrial concedes that the defendant has been fully compliant with all conditions of release, which include the 19 times at which he was present at family or other events. The invocation of their purported "position" now, given the history of this case, is therefore completely arbitrary, and frankly, absurd.[3]

In light of the foregoing, I ask that the Court grant this application over objection. Thank you, Your Honor, for your consideration of this matter.

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner, Esq.

cc:   AUSA Marcia Cohen (By ECF and Email/PDF)
      PTSO Shannon Finneran (By Email/PDF)

---

[1] This is the first such application by the defendant since PTSO Finneran was most recently assigned to supervise the defendant. Leo Barrios and Andrew Abbott were the previously assigned Pretrial Officers.

[2] 11/24/22 - Thanksgiving Day with family
12/25/22 - Christmas Day with family
5/14/23 - Mother's Day with family
7/2/23 - Independence Day BBQ with family
8/27/23 - Birthday celebration with family
9/23/23 - Mother's Birthday celebration with family
10/1/23 - Nephew's Birthday celebration with family
11/23/23 - Thanksgiving Day with family
12/25/23 - Christmas Day with family
2/17/24 - Memorial services for family friend
5/12/24 - Mother's Day with family
6/5/24 - Permission to spend full days with my mother during her 16 day hospital stay
6/9/24 - Overnight medical sleep study as ordered by my doctor
7/4/24 - Independence Day BBQ with family
9/21/24 - Mother's Birthday celebration with family
9/29/24 - Nephew's Birthday celebration with family
11/28/24 - Thanksgiving Day with family
12/25/24 - Christmas Day with family
5/11/25 - Mother's Day with family

[3] This conclusion does not in any way seek to minimize the seriousness and gravity of the charges pending against the defendant. I respectfully submit that Pretrial's position is untenable based upon record detailed herein and on the docket.